Byron **LAKE**, Plaintiff–Appellee–Cross–Appellant,

v.

**E.M.S.A., E.M.S.A. Correctional Care, Phyllis Harrison, Individually and as an Employee of E.M.S.A. Correctional Care, American Services Group, Inc., and Prison Health Service, Inc., Defendants–Appellants–Cross–Appellees,**

**Schoharie County Commissioner of Social Services, Defendant–Appellee,**

**County of Schenectady, American Services Group Inc., Defendants–Appellants,**

**John Doe 1, Individually and as an Employee of Schenectady Co., John Doe 2, Individually and as an Employee of Schenectady Co., W.J. Dufresne, John Doe 3, Individually and as an Employee of E.M.S.A. and Prisoner Health Services, Inc., Prisoners Health Service, Defendants.**

**Nos. 05–4586–pr(L), 05–4587–pr(CON), 06–0569–pr(CON), 06–0571–pr(XAP), 06–3452–pr(XAP).**

United States Court of Appeals, Second Circuit.

June 28, 2007.

Kevin A. Luibrand, Tobin and Dempf, LLP, Albany, NY, for Plaintiff.

Andrew S. Regenbaum, Feldman, Kleidman & Coffey, Fishkill, NY, for E.M.S.A., E.M.S.A. Correctional Care, Phyllis Harrison, American Services Group, Inc., and Prison Health Service, Inc., Paul V. Mullin, Sugarman Law Firm, LLP, Syracuse, NY, for Schoharie County Commissioner of Social Services. Gerald D. D'Amelia, Jr. (Jeffrey Earl Hurd, on the brief), Burke, Scolamiero, Mortati & Hurd, LLP, Albany, NY, for County of Schenectady, for Defendants.

PRESENT: RALPH K. WINTER, JOSÉ A. CABRANES, REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Before this Court are appeals and a cross-appeal from a July 10, 2006 judgment of the District Court.

Plaintiff Byron Lake, alleging violations of his Eighth Amendment rights in connection with delayed medical treatment for heart attack symptoms he experienced while incarcerated, brought suit under 42 U.S.C. § 1983 against, *inter alia*, defendants the Schoharie County Commissioner of Social Services, the County of Schenectady, E.M.S.A. and affiliated entities, and Phyllis Harrison. A jury found for plaintiff against all of these defendants, awarding him compensatory and punitive damages. The defendants filed motions for judgment as a matter of law or, alternatively, a new trial. In a January 3, 2006 memorandum ruling and accompanying judgment, the District Court (1) granted the Schoharie County Commissioner's mo-

tion for judgment as a matter of law, (2) denied Schenectady County's motion for judgment as a matter of law, and (3) granted E.M.S.A.'s motion for judgment as a matter of law only with respect to punitive damages, denying the balance of E.M.S.A.'s motion. On July 10, 2006, the District Court entered a final judgment, incorporating the January 3, 2006 judgment and adopting a Report and Recommendation by Magistrate Judge David E. Peebles regarding attorneys fees under 42 U.S.C. § 1988. The County of Schenectady and E.M.S.A. (as well as other defendants associated with E.M.S.A.) appeal from this final order. Plaintiff cross-appeals. We assume the parties' familiarity with the further facts and procedural history of the case.

We think that, before considering the principal arguments on appeal, it is necessary to remand the instant case to the District Court for consideration of defendants' motions for a new trial. Although defendants' motions made clear that they were seeking a new trial as an alternative form of post-trial relief, the District Court appears to have treated their motions as solely requesting judgment as a matter of law. Because the standards governing a motion for a new trial—both in the first instance and on appeal—differ from the standards governing a motion for judgment as a matter of law, *see, e.g., Meloff v. New York Life Ins. Co.*, 240 F.3d 138, 147 (2d Cir.2001), and because we do not wish to influence the District Court's broad discretion in deciding whether to grant a new trial, the District Court should address whether such relief is warranted before our Court proceeds further.

Accordingly, the case is **REMANDED** to the District Court for proceedings consistent with this order. We direct that the

mandate shall issue forthwith and that jurisdiction shall be returned to this Court upon a letter request from any party. Upon such a restoration of jurisdiction, the matter is to be sent to this panel, which will resolve such further proceeding without oral argument unless otherwise ordered. *United States v. Jacobson,* 15 F.3d 19, 21–22 (2d Cir.1994); *see United States v. Vitale,* 459 F.3d 190, 200 (2d Cir.2006).